UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEVON CHAMBERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:24 CV 1516 CDP |
| ) | |
| UNITED STATES OF AMERICA, on ) | |
| behalf of the UNITED STATES DEPT. ) | |
| OF EDUCATION, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

Plaintiff was the victim of identity theft by an unknown third party who used her information to obtain a Pell Grant from defendant.  That fraudster is alleged to be a "Pell Runner," a person or group who used plaintiff's information to scam financial assistance money for a community college in California.  When the fraudster withdrew from community college, defendant wanted the money back. Defendant then started reporting to credit reporting agencies that plaintiff owed this money as a student loan debt (called a Pell Overpayment) of almost $4,000.  She did not.  Plaintiff alleges she disputed this debt with the credit reporting agencies (CRAs) and also reported the scam directly to defendant, but the debt was not removed from her credit report.

In this action, plaintiff alleges defendant negligently and willfully violated the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681s-2(b)), by failing to conduct a reasonable investigation once notified by the CRAs that she disputed the debt. Plaintiff seeks statutory, actual, and compensatory damages, as well as attorney's fees. ECF 17.

Defendant seeks dismissal of this action under Federal Rule of Civil Procedure 12(b)(6), arguing that plaintiff fails to plausibly state a claim upon which relief can be granted. Defendant also insists that plaintiff's prayer for "maximum statutory damages" includes a request for punitive damages. Plaintiff opposes dismissal, contending that she has adequately pleaded the elements of a reasonable investigation claim under the FRCA. She also clarifies that she is not seeking punitive damages so any request for dismissal of punitive damages is denied as moot. ECF 20 at 12. The remainder of defendant's motion will be denied for the reasons set out below.

## Legal Standards for Rule 12(b)(6) Motions

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. Fed. R. Civ. P. 12(b)(6). When reviewing a Rule 12(b)(6) motion, I assume that the allegations in the complaint are true, and I construe the complaint in plaintiff's favor. *See Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 555-56 (2007).  I am not bound to accept as true, however, a legal conclusion couched as a factual allegation.  *Id.* at 555.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief "that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  The factual allegations must be sufficient "to raise a right to relief above the speculative level." *Parkhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555). More than labels and conclusions are required.  *Twombly*, 550 U.S. at 555.  A claim has facial plausibility when the plaintiff pleads sufficient factual content that allows the court to draw the "reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## Background Facts

Plaintiff alleges the following facts in her amended complaint.  ECF 17.  In November 2023, plaintiff discovered that defendant was reporting to the CRAs that she owed the Pell Overpayment.  Plaintiff then submitted a dispute with the CRAs informing them that she did not owe the debt.  The CRAs then submitted automated credit dispute verification (ACDV) requests to defendant which correctly identified plaintiff's dispute as one involving fraud and identity theft and requested verification of the debt.  Trans Union also included the information that plaintiff was only associated with addresses in St. Louis, Missouri and Denver,

3

Colorado, not California.  Defendant responded by confirming the debt and incorrectly stating that plaintiff was properly associated with an address in California.  Given this information, the CRAs continued to report the debt as plaintiff's.

Plaintiff contacted the CRAs again in December of 2023 to dispute the debt on the basis of fraud/identity theft.  In response, the CRAs sent a second ACDV request to defendant seeking verification of the debt.  The CRAs again correctly identified the nature of the dispute as once involving fraud/credit identity theft.  Defendant again incorrectly verified the debt as belonging to plaintiff.  The CRAs then continued to report the debt.

Plaintiff also contacted defendant directly to dispute the debt.  During a November 2023 phone call, she informed defendant that the account was fraudulent and the result of identity theft.  Plaintiff alleges defendant was familiar with Pell Runner scams and incorrectly told her to complete a forgery application to discharge the debt through defendant's administrative process.[1]  Plaintiff alleges this application did not apply to the circumstances of her case, and that defendant should have instructed her to complete its identity theft form instead.  In February of 2024, defendant told plaintiff that it was denying her administrative request to

---

[1] That is a separate process from the FCRA.

4

discharge the debt based on her completion of the forgery application.  This lawsuit eventually followed.

The debt has now been discharged by defendant as fraudulently obtained through identity theft following the filing of this lawsuit and involvement of counsel.

## **Discussion**

Plaintiff alleges that defendant willfully or negligently violated § 1681s-2(b) of the FCRA by failing to conduct a reasonable investigation once notified by the CRAs that she disputed the debt.

Section 1681s-2(b) of the FCRA outlines the duties defendant has as a furnisher of information upon notice of a dispute from a CRA as follows:

> After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall—
>
> (A) conduct an investigation with respect to the disputed information;
>
> (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;
>
> (C) report the results of the investigation to the consumer reporting agency;
>
> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
>
> (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting

5

agency only, as appropriate, based on the results of the reinvestigation promptly—

(i) modify that item of information;

(ii) delete that item of information; or

(iii) permanently block the reporting of that item of information.

15 U.S.C. § 1681s-2(b).  A prevailing plaintiff may recover statutory and/or actual damages,[2] costs, and reasonable attorney's fees for failure to comply with the requirements of § 1681s-2(b).  *See* 15 U.S.C. § 1681o, § 1681n.

Defendant's duties under the statute are the same as any other furnisher of credit information.  Under 15 U.S.C. § 1681s-2(b), once defendant received notice of plaintiff's dispute from the CRAs, it was required to conduct a reasonable investigation of its records to determine whether the disputed information could be verified.  *Meyer v. F.I.A. Card Servs., N.A.*, 780 F. Supp. 2d 879, 883 (D. Minn. 2011).  An investigation of this sort requires "some degree of careful inquiry by creditors." *Id.* (citation modified).  However, it need investigate only what it learned about the nature of the dispute from the CRAs. *Anderson v. EMC Mortg. Corp.*, 631 F.3d 905, 908 (8th Cir. 2011).

---

[2] Actual damages are available for negligent noncompliance (15 U.S.C. § 1681o), and statutory damages are available for willful noncompliance (15 U.S.C. § 1681n).

After reviewing the amended complaint in light of the governing legal standards, I will deny defendant's motion to dismiss as plaintiff has plausibly alleged that defendant failed to reasonably investigate her disputed debt based on fraud/identity theft and that she suffered damages as a result.  In seeking dismissal of the instant case, defendant urges me to adopt a new pleading requirement for reasonable investigation claims recently announced by the Fourth Circuit Court of Appeals in *Roberts v. Carter-Young*, 131 F.4th 241 (4th Cir. 2025).

In *Carter-Young*, the Fourth Circuit held that a plaintiff asserting a reasonable investigation claim against a furnisher under the FCRA must allege "an objectively and readily verifiable inaccuracy in her credit report." *Id.* at 252.  The plaintiff in *Carter-Young* filed a FCRA claim against a debt collector after it reported that she owed a debt to her former landlord. *Id.* at 248.  Plaintiff disputed the debt on the ground that the landlord fabricated the damages in retaliation for her exercise of rights under the lease agreement. *Id.* at 247.  Plaintiff alleged that the collection agency failed to reasonably investigate her dispute because it simply contacted the landlord to verify the debt, and the landlord did so. Id. at 248.  The district court dismissed the complaint for failing to state a reasonable investigation claim against the debt collector because it concluded that the FCRA does not require a furnisher of information to "resolve legal questions." *Id.*  On appeal, the Fourth Circuit reversed and held, for the first time, that the relevant inquiry was

7

whether the information in the credit report was "objectively and readily verifiable" as inaccurate, not whether the information was categorized as factual versus legal in nature.  *Id.* at 251-52.

*Carter-Young* does not dictate dismissal of this case as it is not controlling authority in the Eighth Circuit.  I cannot announce and then impose new pleading requirements upon litigants, however sound defendant believes those pleading requirements to be.  Such arguments are better directed to the appellate court.  Even if *Carter-Young* did apply, plaintiff's case would still not be subject to dismissal because her amended complaint alleges an "objectively and readily verifiable inaccuracy in her credit report" – namely, that she was the victim of identity theft and was not the debtor.

Given that defendant was the creditor in this case and not merely a debt collector, and in consideration of the information provided to defendant by the CRAs in the ACDV forms and plaintiff directly, plaintiff has plausibly alleged that defendant failed to conduct a reasonable investigation of her assertions of identity theft – assertions which, the record objectively demonstrates, were correct.

Similarly, plaintiff is also not required to meet a heightened pleading standard to support her claim for emotional distress damages.  The detailed information defendant seeks regarding plaintiff's damages is appropriately

8

obtained through discovery and need not be pleaded in the complaint to avoid dismissal of her claim.

Both parties make arguments which go to the merits of plaintiff's case. But whether plaintiff will ultimately be able to prove her claim or recover the damages sought in the amended complaint is not properly before me at this time. Having adequately pleaded the elements of her FCRA claim against defendant, plaintiff is entitled to discovery to support her claims. The motion to dismiss will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss punitive damages [18-2] is denied as moot, and the remainder of defendant's motion to dismiss [18-1] is denied.

**IT IS FURTHER ORDERED** that defendant's motion to dismiss directed at the original complaint [14] is denied as moot given the filing of the amended complaint.

This case will be set for a scheduling conference by separate Order.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 10th day of June, 2025.

9